**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

I hereby certify that this instrument is a true and correct copy of the original on file in my office.
Attest: Geri M. Smith, Clerk
U.S. District Court
Northern District of Ohio
By:  s/R Schumitsh
Deputy Clerk

**IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT
PRODUCTS LIABILITY LITIGATION**  MDL No. 2197

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in 21 actions listed on Schedule A move to vacate our orders that conditionally transferred their respective actions to MDL No. 2197. Responding defendants[1] appearing in one or more actions oppose the motions to vacate.

After considering all argument of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2197, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for reasons set out in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions arising from alleged injuries from DePuy's recalled ASR XL Acetabular Hip System. *See In re DePuy Orthopaedics, Inc., ASR Hip Implant Prods. Liab. Litig.*, 753 F.Supp.2d 1378 (J.P.M.L. 2010). These actions all involve injuries from implantation of DePuy ASR hip implants, and clearly fall within the MDL's ambit.

None of the plaintiffs dispute that their actions share questions of fact with actions pending in MDL No. 2197. Plaintiffs instead base their arguments against transfer primarily on the pendency of motions to remand their respective actions to state court. Plaintiffs in these actions can present their motions for remand to the transferee judge.[2]  *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

---

[1] DePuy Orthopaedics, Inc., and DePuy International Ltd. (collectively DePuy); Johnson & Johnson International, Johnson & Johnson Management Ltd., Johnson & Johnson Medical Ltd., Johnson & Johnson Services, Inc., and Johnson & Johnson; Chesapeake Surgical, Ltd.; William G. Macari and Macari Medical Inc.; Precision Instruments, Inc.; Andy Seaman.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court wishing to rule upon the remand motion generally has adequate time in which to do so.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, these actions are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable David A. Katz for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |

**IN RE: DEPUY ORTHOPAEDICS, INC., ASR HIP IMPLANT**
**PRODUCTS LIABILITY LITIGATION**                                      MDL No. 2197

## SCHEDULE A

    District of Maryland

Paul K. Wood, II, et al. v. Johnson & Johnson, et al., C.A. No. 1:12-01572
Doris G. Wynn, et al. v. Johnson & Johnson, Inc., et al., C.A. No. 1:12-01997
Barbara Benfield v. DePuy Orthopaedics, Inc., et al., C.A. No. 8:12-01601
Eva MacGregor v. DePuy Orthopaedics, Inc., et al., C.A. No. 8:12-01842

    District of Montana

Sue Malletta v. DePuy Orthopaedics, Inc., et al., C.A. No. 9:12-00098

    District of Nevada

Sheila I. Glaser v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-00895
Genevieve H. Lee v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01164
Hannelore Von Reichow v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01165
Amy E. Mills v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01166
Carol K. Tobler, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01167
Kim Pate, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01168
Eileen A. Wiedeman v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01169
Palma Shehan v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01170
Stephanie Santa Cruz v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01172
James N. Caron v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01173
Nancy G. Hill, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01174
Bruce Fein, et al. v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01175
Jeannette E. Davidson v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01177
Kipp H. Greengrass v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01178
John A. Lanzillotta v. DePuy Orthopaedics, Inc., et al., C.A. No. 2:12-01179

    District of South Carolina

Michelle S. Felkel v. DePuy Orthopaedics, Inc., et al., C.A. No. 3:12-01931